VIRGINIA PINHEIRO *v.* DANIEL PINHEIRO AND AUGUSTA PINHEIRO.

No. 2072.

ARGUED JANUARY 9, 1933.     DECIDED FEBRUARY 21, 1933.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

This case is before us upon the appeal of the respondents, Daniel Pinheiro and Augusta Pinheiro, from the decree of the circuit judge granting the relief prayed for in the bill of complaint.

The substance of the bill of complaint, as summarized by complainant-appellee is, so far as herein pertinent, as follows: "Jose de Freitas Phillip, complainant's father, died in December, 1916, leaving certain lands by his will to seven of his children as tenants in common; after the death of her father complainant was importuned * * * by her husband to convey her undivided interest to him, and on August 28, 1918, upon the understanding and condition, agreed to by him, that he would hold the title thereto in trust for her use and benefit, she did convey her said interest to him through an intermediary. In May, 1919, the seven children of Jose de Freitas Phillip

agreed upon a partition of the lands so devised to them by their father and the two parcels mentioned in the bill of complaint were set apart and conveyed to the complainant as her share of the property; that this was done with the knowledge, consent and assistance of complainant's husband, and he also joined with the complainant in the deeds to her brothers and sisters in order to effectuate the partition. After the completion of the partition complainant's husband made no claim to the land set apart to the complainant in the partition, and complainant, with the knowledge and acquiescence of her husband, possessed, leased, mortgaged and otherwise dealt with said land as the sole owner thereof. Complainant's husband died on June 16, 1931, intestate, leaving as his heirs at law, his wife, the complainant, and his parents, Daniel and Augusta Pinheiro, the respondents; that since his death his parents have claimed that he died seized of said land pursuant to the deed of August, 1918, and that they, as heirs, are the owners of an undivided one-half thereof; that their claim is a fraud upon complainant's rights and said deed constitutes a cloud upon her title; and complainant, being in possession, is without remedy at law. * * * The prayer was for a decree quieting the title to the land in the complainant, adjudicating the same to be vested in her free from any claim or interest on the part of the respondents, declaring the deeds of August 28, 1918, to be a cloud upon complainant's title and removing the same, perpetually enjoining the respondents and their heirs from disturbing complainant's possession, and for general relief."

The respondents' amended answer denied the alleged trust and averred, in part and in effect, that the deeds of August 28, 1918, were voluntary and were occasioned solely by the desire of the complainant to make a gift to her husband. It averred, upon information and belief,

that Manuel Pinheiro and the children of Jose de Freitas Phillip agreed that upon a partition of the estate of said Phillip the share of Manuel's wife, Virginia, would be set apart to Manuel, and that the lands representing Virginia's share, being more valuable than those set apart to the other children, Manuel paid over $3000 to equalize the partition; that thereafter Manuel entered into possession of the land in question and spent large sums of money improving it. The answer further averred that Manuel and Virginia executed mortgages on the land, the form of the mortgages depending on the wishes of the mortgagee, that the money obtained on the mortgages was received by Manuel; denied that the complainant possessed or dealt with the land as sole owner thereof, either with or without the knowledge and acquiescence of her husband, and averred that the respondents, Daniel and Augusta, as heirs of Manuel Pinheiro, are entitled to one-half of the property. The amended answer finally averred that the complainant is barred from any relief by her laches, by estoppel, by the statute of limitations and by the statute of frauds. The answer was followed by a formal replication.

After trial upon the issues thus joined, the circuit judge, by written decision, found the facts to be substantially as averred in the bill of complaint, concluded that the facts warranted the relief prayed and directed that decree issue in conformity therewith. The decree adjudged Virginia to be the lawful owner in fee of the land, containing 158.9 acres, described in the partition deed of Jose F. Phillip and others, except the portion thereof containing 30 acres, more or less, thereafter conveyed by the complainant under deed of June 2, 1919, to Mary Vares. It further adjudged that the respondents Daniel Pinheiro and Augusta Pinheiro had no right, title or interest in said land or any part thereof, that title in

said lands be quieted in Virginia Pinheiro against all claims of said respondents, that the deed of Virginia Pinheiro to Isabel Pinheiro and the deed of Isabel to Manuel Pinheiro, each dated August 28, 1918, and hereinabove referred to, were clouds upon the title of Virginia Pinheiro in said land, which instruments were thereby canceled and the clouds thereby removed; and it perpetually enjoined said respondents from disturbing Virginia Pinheiro in her possession of said land.

More specifically as to the facts the trial judge, as set forth in his decision, found, *inter alia,* as follows: "Manuel very much desired to have his wife, Virginia, convey to him her undivided interest in the estate of her father. The evidence tends to show, and the court finds, that Manuel at first requested, then urged, and finally insisted and demanded of his wife a conveyance of the property. Following continuous and repeated demands, * * * Virginia, for a consideration of one dollar, made a conveyance of the property to Isabel Pinheiro—a daughter of repondents, and sister of Manuel—Isabel, in turn, conveying the property to Manuel. The court finds that this conveyance was made by Virginia to her husband because of an understanding and agreement had between Virginia and Manuel, husband and wife, and the promise of Manuel, that he would hold title to the property so conveyed in trust for her use, benefit and enjoyment. On May 31st, 1919, the seven children of Jose de Freitas Phillip—Virginia being one of the seven—executed and delivered, each to the other, partition deeds of the land acquired under the father's will. In arranging this amicable settlement of their property rights, several meetings were had at the office of Mr. F. P. Rosecrans, who was acting for all concerned. These meetings, including the one of May 31st, were attended not only by the seven persons who were directly and vitally interested, but by

their respective husbands and wives. Manuel Pinheiro was there. These partition deeds were either read by or explained to those present. The deeds were then signed. Manuel Pinheiro had knowledge of all that was taking place. He consented to and participated in the execution and delivery of these partition deeds—at least in so far as he was legally called upon so to do. By this partition there was set apart and deeded to Virginia, as her part of her father's estate, what was then, and still is, known as the Wagner premises, comprising 158.9 acres situate in Kula, Maui. Less than a month later, June 18th, 1919, Virginia executed and delivered a deed conveying to her sister—Maria Vares—some thirty acres of the Wagner premises. Manuel, her husband, consented to this, joining in the execution and delivery thereof. On the same day, June 18th, 1919, Virginia executed and delivered to the Bank of Maui, Ltd., a mortgage, given to secure the payment of a loan. This mortgage stated that Virginia was the owner in fee of the property mortgaged—the Wagner premises. Manuel signed this instrument, releasing curtesy." (Then follows a list of mortgages executed on different dates by Virginia to different mortgagees.) "In these instruments Virginia covenanted that she was the owner in fee of the property mortgaged. To each of these instruments Manuel attached his signature, either quit-claiming his right, title and interest, or releasing his curtesy rights." Then follows a list of transactions including leases, sales of crops, loans on security, contracts and others, in which Virginia, with the knowledge and consent of her husband, dealt with said property as sole owner thereof. Commenting upon the foregoing findings the trial judge said: "In this case the court is unable to detect anything that savors of perjury on the part of any witness; any evidence of fraud; any evidence of deliberate falsehood; any testimony tending to show an

endeavor on the part of complainant to lead others to testify falsely; or the presence of anything that would naturally and reasonably excite suspicion that a case had been manufactured to meet the desired ends of complainant. The testimony on the whole clearly tends to show that complainant has come into court with clean hands. The evidence is clear, convincing, and, in the mind of the court, conclusive."

As has been frequently held by this court upon appeal in equity cases, the findings of fact of the trial judge upon conflicting testimony are entitled to great weight; but they are not binding upon this court as, upon exceptions in an action at law, the verdict of a jury and the findings of a judge, jury waived, when supported by more than a scintilla of evidence, have been held to be. An appeal from a final decree in equity brings up the full case for review, in which event this court may weigh the evidence and make its own findings of fact as well as rulings of law. In the instant case we have examined the transcript of evidence and the whole record and find no sufficient reason therein disclosed to disturb, but on the contrary ample reason to confirm, the trial judge's findings of fact in every essential detail hereinabove recited. Furthermore we find no evidence to support the averments of the amended answer that the Phillip devisees agreed that upon partition the share of Virginia should be set aside to Manuel, or that Manuel paid $3000 to equalize the partition, or that he spent large sums of money in improving the land. The trial judge's findings of fact are hereby adopted to the extent above summarized. From his findings of fact the trial judge reached the conclusions of law (a) that a valid trust, as alleged in the bill of complaint, had been established by the parol evidence recited in his decision and (b) that said trust had thereafter been fully executed by Manuel by his participation

"in all that led up to the execution and delivery of the partition deeds, and in signing the deed from his wife Virginia to her sister, Mrs. Vares."

The issues before us for review have been materially narrowed by counsel for the respondents-appellants in their briefs and oral arguments. No question of the bar of the statute of frauds, of limitation, of estoppel or of laches, as alleged in the answer, is now presented. Quoting from respondents-appellants' closing brief: "The contention is not made in our opening brief and it is not made now that if the 1918 deeds to Manuel created a trust in Virginia's favor, the trust was not executed by the 1919 partition. The whole controversy is as to whether there was a trust or not. * * * We agree that neither the statute of limitations nor the statute of frauds can be invoked in the case. * * * Both sides are in agreement that if a trust actually existed between August 1918 and June 1919 it was executed by the partition."

The trust, found by the trial judge, was based upon direct and credible evidence of the express oral agreement of the parties thereto at the time of the conveyance of August 28, 1918, corroborated by circumstances above recited. The argument of appellants that no trust was established is an argument upon the facts and as to the weight and credibility of the evidence. It is claimed that the evidence is not clear, cogent and convincing and that it is capable of reasonable explanation upon theories other than the existence of a trust; but, except as above set forth, it is not claimed that the evidence of complainant, if properly found to be true, is insufficient in equity to show the creation and existence of a trust. That there was sufficient, clear, cogent and convincing testimony to support the trial judge's findings of fact is apparent from the foregoing recital. A more extended review of the evidence is not deemed necessary. The uncontradicted

testimony of Virginia Pinheiro, summarized by the trial judge in his findings of fact and hereinabove referred to, disproved respondents' theory of a gift of her valuable interest in her father's estate to Manuel or of a sale of the same to him for a nominal consideration. No other alternative theory is advanced by counsel or presented by the evidence. Thus the case is disposed of, as it was submitted, upon the facts.

Appellants expressly admit that "if the conveyance by complainant to Manuel Pinheiro was for the purpose of creating a trust in her favor, then the subsequent partition deed to her effected a termination of the trust and both legal and equitable title to the property merged in her." Continuing, appellants say: "On the other hand if the two deeds vested full title in Manuel Pinheiro, the partition deed was of no legal effect and Manuel Pinheiro died seized of the fee." A trust having been established as herein found, Virginia was thereby vested with an equitable estate to an undivided interest in the land sufficient to support a title in severalty through an exchange of partition deeds among all the tenants in common, joined in by Manuel Pinheiro, as above set forth. Legal and equitable ownership in fee of the Wagner premises thus merged in her, terminating the trust and Manuel's interest in the property. Appellants' second hypothesis last above quoted therefore need not be considered.

Possession, title, cloud, present adverse claim, and right to relief, as alleged, having been shown, the decree of the circuit judge is affirmed.

*A. G. M. Robertson (E. Vincent* and *Robertson & Castle* on the brief) for complainant.

*P. Silver (O. P. Soares, F. E. Thompson* and *M. K. Ashford* with him on the brief) for respondents.